IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAMES SKIP HULSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-cv-108-JDK-KNM |
| | § | |
| WILLIAM H. JONES, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Skip Hulsey, a prisoner within the Texas Department of Criminal Justice, proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge, the Honorable K. Nicole Mitchell, for findings of fact, conclusions of law, and recommendations for disposition.

Before the Court is a motion for summary judgment by Defendants Rhonda Dears, William George, Robert Gutierrez, Shean Handrick, Sharon Littlefield, and Gerald Singleton seeking dismissal of the claims against them because Plaintiff has failed to exhaust the administrative grievance procedure. Docket No. 62.[1] On July 13, 2020, Judge Mitchell issued a Report recommending that the Court grant

---

[1] Defendants' initial motion for summary judgment on this ground (Docket No. 52) was denied because it discussed claims not relevant to this lawsuit—apparently due to a clerical error. Docket Nos. 61 at 18; 70 at 2–3. Defendants then moved to supplement their motion for summary judgment based on facts relevant to the claims here. Docket No. 62. The Court treats this motion to supplement as a revised motion for summary judgment on the issue of exhaustion.

1

Defendants' motion for summary judgment and dismiss Plaintiff's claims against Defendants Dears, George, Gutierrez, Handrick, Littlefield, and Singleton based on Plaintiff's failure to exhaust administrative remedies.[2] Docket No. 80. Following the grant of extension request, Plaintiff timely filed objections and a motion for leave to supplement his pleadings on November 9, 2020. Docket Nos. 89, 90.

Where a party timely objects to the Report and Recommendation, this Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues that he followed the required procedures to file his administrative grievances, but that the TDCJ grievance officers have refused to process them. Docket No. 89 at 1–2. Defendants submitted evidence that, according to TDCJ records, Plaintiff submitted only one grievance between January 1, 2018, and September 30, 2018. Docket No. 62, Ex. A. In response to this evidence, Plaintiff provides the affidavits of several inmates who assert that the Skyview Unit routinely fails to process their grievances. Docket No. 92-2 at 57–65. Even accepting as true Plaintiff's allegation that the Skyview Unit ignored Plaintiff's grievances, Plaintiff has failed to provide evidence that he timely submitted the grievances he

---

[2] Plaintiff's claims against Defendants Littlefield and Dears have also previously been dismissed for failure to state a claim upon which relief may be granted. Docket No. 70.

alleges were ignored.

The incidents Plaintiff complains of here occurred on April 2 and 3, 2018. Inmates typically have fifteen days from the date of the alleged incident to submit a completed Step 1 grievance form—here, April 18, 2018. In his motion for leave to supplement his pleadings, Plaintiff argues that he missed the fifteen-day deadline for filing his grievances because he was incapacitated and physically unable to file grievances from March 29, 2018, through June 8, 2018. Docket No. 90 at 7–8. Despite his alleged incapacity, Plaintiff's complaint alleges that he "filed all his grievances in May and June of 2018." Docket No. 1 at 5. But Plaintiff has provided insufficient evidence to support this assertion. All of the grievance forms Plaintiff has provided in this case are either undated or dated August 6, 2018, or later. Docket No. 1-1 at 12–31 (grievance forms dated August 6, 2018 and later); Docket No. 1-2 (grievance forms dated September 17, 2018 and later); Docket No. 92-2 at 70–73 (grievance forms dated October 19, 2018 and December 10, 2018). Accordingly—even if TDCJ had ignored Plaintiff's grievances and physical incapacitation prevented Plaintiff from filing grievances before June 8, 2018—Plaintiff has failed to provide evidence that he timely filed his grievance forms. And Plaintiff's conclusory allegations and unsubstantiated assertions are insufficient to oppose summary judgment. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly,

the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 80) as the opinion of the District Court. The Court **GRANTS** summary judgment in favor of Defendants Rhonda Dears, William George, Robert Gutierrez, Shean Handrick, Sharon Littlefield, and Gerald Singleton and **DISMISSES** Plaintiff's claims against them without prejudice for failure to exhaust administrative remedies. These Defendants are therefore dismissed as parties to this lawsuit.

The dismissal of these claims and parties shall not affect the remaining claims and parties in this case.

So **ORDERED** and **SIGNED** this **3rd** day of **February, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE