IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAMES SKIP HULSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:19-cv-108-JDK-KNM |
| | § | |
| WILLIAM H. JONES, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Skip Hulsey, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendant Frank Leonard's motion for summary judgment. Docket No. 79. In his motion, Defendant Leonard argues that Plaintiff failed to exhaust administrative remedies before bringing this lawsuit.

On August 9, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendant Leonard's summary judgment motion and dismiss Plaintiff's claims against him without prejudice. Docket No. 107. In accord with Fifth Circuit precedent, the Report observed that Plaintiff's conclusory allegations and production of unprocessed grievances was insufficient to create a genuine issue of material fact concerning exhaustion. *Id.* at 6 (citing *Kidd v.*

*Livingston*, 463 F. App'x 311 (5th Cir. 2012)). Although Plaintiff argued that he was physically unable to file grievances during the fifteen-day time period for filing grievances, citing *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003), the Report observed that medical records filed by Plaintiff refuted this contention. Docket No. 107 at 9–10. In addition, the Report stated that Plaintiff was not entitled to equitable tolling as set out in *Days* because he did not show that he had any later grievances which were rejected as untimely. *Id.* at 10; *see also Days*, 322 F.3d at 868. Plaintiff filed objections. Docket No. 118.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff reiterates the facts of his case and continues to argue that the grievance office refused to process his grievances. But as the Report stated, Plaintiff's conclusory assertions and production of unprocessed grievances cannot overcome the Defendant's competent summary judgment evidence. As the Report aptly observed, prisoners cannot defeat the exhaustion requirement simply by attaching post-dated grievances to their complaints and claiming without substantiation that the prison officials refused to process their grievances. In

addition, the Report correctly noted that Plaintiff's own pleadings show these allegedly filed but unprocessed grievances were untimely. This objection is without merit.

Plaintiff next contends that the Magistrate Judge "misquoted his facts." Docket No. 118 at 7. Plaintiff argues that he was not sent to St. Joseph Hospital on April 12, 2018, by a Pack Unit infirmary health provider, as the Report stated, but rather, that the visit was prompted by "grave distress" observed by an EMT in an ambulance with Plaintiff that day. *Id.* at 7–8. Plaintiff's documents show that on April 12, 2018, at 3:15 p.m., an EMT notified the Pack Unit infirmary that while Plaintiff was being transported to the unit in an ambulance, he began complaining of severe low back pain and hyperventilating. The nurse practitioner advised the EMT to take Plaintiff to the nearest hospital for evaluation. There, medical personnel noted that his respirations were even and unlabored and he was in no apparent distress. A CT scan was performed, and the doctor noted that "the patient's condition has improved, pain much better and muscle spasms resolved." The doctor also observed that "per patient he has been told he needs back surgery but he has refused." Docket No. 92-2 at 17–18. Plaintiff has not shown any appreciable difference between having a provider at the Pack Unit send him to the hospital and having a provider at the Pack Unit advise ambulance personnel to take him to the hospital, and the Magistrate Judge correctly recounted the hospital doctor's findings. This objection is without merit.

Next, Plaintiff argues that the Defendant's summary judgment evidence is not valid because the authenticating affidavit of Vickie Barrow was not sworn before a notary. Docket No. 118 at 14. But the affidavit clearly shows that it was sworn before Texas notary public Mona Goebel. Docket No. 79-1 at 2. This objection is without merit.

Plaintiff's next objection is that he does not have a duty to show he has exhausted administrative remedies, but that the burden is on the Defendant to show that he did not. Docket No. 118 at 24–25. Here, Defendant Leonard presented competent summary judgment to meet his burden to demonstrate that Plaintiff failed to exhaust. The burden then shifted back to Plaintiff to produce evidence or designate specific facts showing the existence of a genuine issue of material fact precluding summary judgment. *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). Plaintiff's conclusory allegations of filing grievances that were not processed did not meet this burden. *Kidd*, 463 F. App'x at 313; *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). This objection is without merit.

Plaintiff also complains that the Magistrate Judge cited observations made by nurses in the medical records that Plaintiff attached, arguing that nurses are prohibited from making diagnoses and lack the qualifications to testify on subjects requiring a diagnosis. Docket No. 118 at 17–19. The nurses' statements the Magistrate Judge cited included observations that Plaintiff was alert and oriented,

had even and unlabored respirations, and was in no apparent distress on April 12, 2018, and that Plaintiff was in no apparent distress and consumed meals and medications without difficulty on April 15. Docket No. 107 at 9. These statements are not diagnoses, but observations and assessments, which are within the professional capacity of a registered nurse or licensed vocational nurse. *See* Tex. Occ. Code Ann. § 301.002(2)(a). As the Magistrate Judge concluded, the medical records Plaintiff attached indicate that he was not physically incapable of filing grievances during the relevant time period. His objection on this point is without merit.

Plaintiff also contends that he served an attempt at informal resolution on Warden Jones and sent a letter to the Director of TDCJ on February 5, 2018 about the Skyview Unit not processing his grievances. Docket No. 118 at 21–22. As the Magistrate Judge observed, the alleged incidents involving Defendant Leonard occurred between March 29 and April 2, 2018, and he was sent to the Pack Unit on April 3, 2018. Docket No. 107 at 7, 9. Neither Plaintiff's "informal resolution" nor his letter to the Director prior to the incident in question offer any basis upon which to excuse the exhaustion requirement. This objection is without merit.

Plaintiff further contends, for the first time in his objections, that his psychiatric condition deteriorated to the point where he was unable to file grievances. Docket No. 118 at 26. Plaintiff's medical records refute this assertion, showing that he was alert and oriented, and contain no mention of any behavior or psychiatric symptoms severe enough to prevent him from filing grievances. Docket No. 107 at 9–10. This objection is without merit.

5

Finally, Plaintiff cites references in the medical records showing that he moaned and cried out with back pain, he moaned and grimaced while being repositioned, and he had to grab the handrail for support while trying to sit up. Docket No. 118 at 29–34. But he acknowledges that these records also show that he was seen on multiple occasions to be alert and oriented with unlabored respiration and clear speech. *E.g., id.* at 30. The question is not whether Plaintiff was free from pain but whether his condition prevented him from filing grievances in the days after the incidents involving Defendant Leonard. As the Magistrate Judge observed, these records indicate that there were days within the fifteen-day grievance period on which Plaintiff denied any medical complaint or pain. Docket No. 107 at 9–10. Plaintiff has not shown he was incapable of filing grievances during the relevant time period, and his objections are without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 107) as the opinion of the District Court. The Court **GRANTS** Defendant Frank Leonard's motion for summary judgment (Docket No. 79) and **DISMISSES** Plaintiff's claims against him without prejudice for failure to exhaust administrative remedies.

So **ORDERED** and **SIGNED** this **15th** day of **November, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE